O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 03-1662 DOC (ANx)                                             Date: November 18, 2008

Title: HENRY SCHEIN, INC., HSI SERVICE CORP. V. CERTIFIED BUSINESS SUPPLY INC., PURITY MEDICAL PRODUCTS, INC.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                            Date:_____  Deputy Clerk: _____

---

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

   <u>Kristee Hopkins</u>                                      <u>Not Present</u>
    Courtroom Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                    NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER AWARDING REASONABLE ATTORNEYS' FEES AND COSTS

      Before the Court is Plaintiff Henry Schein, Inc.'s Motion for Attorneys' Fees and Costs Incurred by Plaintiff ("Motion"). The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing and replying papers, the Court hereby GRANTS the Motion, in part.

## I.     BACKGROUND

      On January 18, 2008, Plaintiff Henry Schein Inc. filed a Motion for Contempt against Defendant Certified Business Supply, Inc. After receiving the moving, opposing, and reply papers, and conducting an evidentiary hearing, the Court granted the Motion for Contempt and entered the Contempt Order. In the contempt order, the Court found that reasonable attorney's fees and costs were appropriate sanctions for the Defendant's civil contempt; the Court directed Plaintiff Henry Schein to

submit a supplemental declaration in support of its request for attorney's fees. Before the Court is Plaintiff's supplemental declaration and request for $122,408.00 in attorney's fees and costs.

## II.     LEGAL STANDARD

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant a reasonable attorney's fee as part of the costs to the prevailing party. 42 U.S.C. § 1988(b). A plaintiff is considered a prevailing party if it succeeds on any significant issue in litigation which gives the plaintiff some benefit that it sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). To satisfy this requirement, the suit must have produced a material alteration of the legal relationship between the parties. *Buckhannon,* 532 U.S. 598, 604, 121 S. Ct. 1835 (2001). This alteration may be the result of an enforceable judgment or comparable relief through a consent decree. *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566 (1992). If a plaintiff achieves only partial success, the reasonable hours expended on the action as a whole multiplied by a reasonable rate may be an excessive amount. *Hensley*, 461 U.S. at 436.

Once the Court has determined that attorney's fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. "'In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable.'" *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)). The first step the district court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Gracie*, 217 F.3d at 1070 (internal quotation marks and citation omitted). Next, the district court should, where appropriate, "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Id.* (internal quotation marks and citation omitted).

The *Kerr* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

## III.     DISCUSSION

Since the Plaintiff's Motion for Contempt was granted and a contempt order was issued against Defendant, Plaintiff has clearly succeeded on a significant issue of litigation which has resulted in benefit to the Plaintiff. Plaintiff is therefore, clearly, the "prevailing party". 42 U.S.C. § 12205.

The issue before the Court is whether Plaintiff's request of $122,408.00 in attorneys' fees and costs is reasonable.

Plaintiff seeks to recover fees for the work of attorneys David R. Scheidemantle, Navid Yadegar, Dinh Ha, Constance Kim, and their legal assistants. Specifically, Plaintiff seeks to recover fees for 98.6 hours worked by Scheidemantle, 77.2 hours worked by Yadegar, 28.3 hours worked by Ha, 133.1 hours worked by Kim, and 32.2 hours worked by legal assistants. Plaintiff additionally seeks to recover for 1.6 hours worked by "Other Attorneys". After reviewing the Supplemental Decl. of David R. Scheidemantle, the Decl. of Marjorie Han, and the billing invoices of Connon Wood Scheidemantle LLP, Ex. B, in light of the *Kerr* factors, *Kerr*, 526 F.2d at 70, the Court finds that the requested amount of fees and the amount of hours billed are unreasonable. The court awards the following hours, with some minor adjustments, and excludes all others:

- 2.30 hours billed by attorney Dinh Ha, for reviewing and analyzing the permanent injunction and settlement agreement.

- 2.10 hours billed by attorney Dinh Ha, for drafting a cease and desist letter, is reduced to 1.00.

- 0.90 hours billed by attorney Dinh Ha, for researching and analyzing remedies for contempt of court, is reduced to 0.50.

- 0.10 hours billed by attorney David Scheidemantle, for reviewing the draft of the cease and desist letter.

- 1.30 hours billed by attorney Dinh Ha, for researching the damages for a violation of an injunction.

- 3.60 hours billed by attorney Dinh Ha, for revising the cease and desist letter and drafting a damages agreement, is reduced to 2.50.

- 2.30 hours billed by attorney Dinh Ha, for conferences with Henry Schein customers, is reduced to 2.00.

- 0.50 hours billed by attorney Dinh Ha, for drafting the declaration of Dora Martin.

- 1.60 hours billed by attorney Dinh Ha, for drafting the declaration of Cailtlin Clenney, is reduced to 1.00.

- 2.30 hours billed by attorney Dinh Ha, for drafting a letter to opposing counsel, regarding the violations of the injunctions, is reduced to 2.00.

- 0.80 hours billed by attorney Constance Kim, for reviewing case facts, is reduced to 0.50.

- 0.90 hours billed by attorney Navid Yadegar, for legal research regarding the motion for contempt.

- 1.50 hours billed by attorney Navid Yadegar, for revising the motion for contempt.

- 0.10 hours billed by attorney David Scheidemantle, for reviewing the brief on motion for contempt.

- 3.20 hours billed by attorney Navid Yadegar, for revising the motion for contempt, is reduced to 1.00.

- 1.50 hours billed by attorney Navid Yadegar, for legal research regarding the motion of contempt, is reduced to 1.00.

- 0.30 hours billed by attorney Constance Kim, for telephone calls with Monette Powers.

- 3.40 hours billed by attorney Navid Yadegar, for revising the motion for contempt, is reduced to 1.00.

- 1.80 hours billed by attorney Navid Yadegar, for legal research into criminal contempt, is reduced to 1.00.

- 1.10 hours billed by attorney Navid Yadegar, for drafting a memo regarding criminal contempt.

- 1.00 hours billed by attorney Constance Kim, for telephone calls with Henry Schein customers.

- 1.60 hours billed by attorney Navid Yadegar, for drafting the declaration of Scheidemantle in support of the motion of contempt, is reduced to 1.00.

- 0.20 hours billed by attorney David Scheidemantle, for reviewing the Scheidemantle declaration.

- 1.60 hours billed by attorney Constance Kim, for reviewing attorney work entries, in preparation for the motion of contempt, is reduced to 1.00.

- 0.30 hours billed by attorney David Scheidemantle, for reviewing and finalizing contempt papers.

- 1.90 hours billed by attorney Constance Kim, for revising the Scheidemantle declaration and contempt papers based on time expended, is reduced to 1.00.

- 0.50 hours billed by attorney Navid Yadegar, for revising the proposed order regarding the motion of contempt.

- 0.60 hours billed by attorney Constance Kim, for drafting the proposed order for motion for contempt.

- 0.60 hours billed by attorney David Scheidemantle, for revising the proposed order, is reduced to 0.20.

- 2.50 hours billed by legal assistant Ana Zuniga, for preparing the motion for contempt for e-filing is reduced to 0.50.

- 1.50 hours billed by legal assistant Juan Rodriguez, for preparing the motion for contempt for e-filing, is reduced to 0.50.

- 0.50 hours billed by attorney Constance Kim, for preparing a substitution of attorney order.

- 0.30 hours billed by attorney David Scheidemantle, for revising substitution and change of attorney form.

- 0.50 hours billed by Constance Kim, for reviewing the opposition in preparation for a reply.

- 0.80 hours billed by David Scheidemantle, for reviewing the opposition, is reduced to 0.50.

- 0.50 hours billed by attorney Navid Yadegar, for reviewing the opposition.

- 0.50 hours billed by attorney Navid Yadegar, for analyzing objections to evidence by Purity.

- 0.30 hours billed by attorney Constance Kim, for analyzing objections.

- 1.30 hours billed by attorney Constance Kim, for drafting evidentiary objections to Purity's opposition and declarations.

- 3.30 hours billed by attorney Navid Yadegar, for legal research regarding the reply in support of the motion of contempt, is reduced to 1.30.

- 5.60 hours billed by attorney Navid Yadegar, for drafting the reply, is reduced to 3.60.

- 0.40 hours billed by attorney David Scheidemantle, for revising the reply.

- 5.30 hours billed by attorney Constance Kim, for drafting evidentiary objections to Purity's opposition, is reduced to 1.30.

- 2.70 hours billed by attorney Navid Yadegar, for revising evidentiary objections, is reduced to 2.00.

- 0.40 hours billed by legal assistant Ana Zuniga, for organizing case documents.

- 0.20 hours billed by attorney David Scheidemantle, for preparing for the contempt hearing.

- 5.00 hours billed by attorney Constance Kim, for selecting and gathering moving papers in preparation of contempt hearing and drafing instructions for assembly by assistant, is reduced to 1.00.

- 7.30 hours billed by attorney David Scheidemantle, for preparation for argument on contempt motion, is reduced to 4.00.

- 0.50 hours billed by attorney Constance Kim, for telephone calls with declarants.

- 1.20 hours billed by attorney Constance Kim, for research into Henry Schein trademarks, is reduced to 1.00.

- 0.40 hours billed by attorney David Scheidemantle, for waiting in court to be called.

- 1.20 hours billed by attorney David Scheidemantle, for a drive from federal court in Orange County to office in Pasedena.

- 0.30 hours billed by attorney David Scheidemantle, for argument on motion for contempt.

- 2.10 hours billed by attorney David Scheidemantle, for travel from office in Pasedena to federal court in Orange County.

- 1.70 hours billed by attorney Constance Kim, for organizing documents and drafting notes regarding declarants' appearance at evidentiary hearing, is reduced to 0.50.

- 0.40 hours billed by attorney Navid Yadegar, for conferring with declarants about appearances at hearing.

- 1.00 hours billed by attorney Constance Kim, for drafting a request for supplemental fees and costs.

- 0.10 hours billed by attorney David Scheidemantle, for review draft of supplement costs affidavit.

- 4.10 hours billed by attorney Constance Kim, for revising the request for supplemental fees and costs, is reduced to 1.50.

- 0.70 hours billed by attorney Navid Yadegar, for reviewing invoices, is reduced to 0.50.

- 1.00 hours billed by attorney Constance Kim, for drafting direct and cross examination witness outlines.

- 2.70 hours billed by attorney Constance Kim, for drafting direct and cross examination outline for witness Martin.

- 0.80 hours billed by Navid Yadegar, for strategy and analysis regarding the hearing on the motion for contempt.

- 0.50 hours billed by attorney David Scheidemantle, for reviewing the briefing in preparation for hearing.

- 0.80 hours billed by attorney David Scheidemantle, for work on Dora Martin direct testimony.

- 0.80 hours billed by attorney Constance Kim, for revising Martin direct outline, is reduced to 0.50.

- 1.30 hours billed by attorney David Scheidemantle, for reviewing invoices, court rules, and evidentiary strategy in preparation for hearing.

- 1.00 hours billed by attorney Constance Kim, for drafting the Packer direct outline.

- 1.00 hours billed by attorney Constance Kim, for drafting Clenney direct outline.

- 1.50 hours billed by attorney Navid Yadegar, for preparing for direct examination of Scheidemantle.

- 2.60 hours billed by attorney David Scheidemantle, for preparing and revising witness outlines for hearing is reduced to 1.00.

- 0.20 hours billed by attorney David Scheidemantle, for conferring with Kim regarding cross examination issues.

- 1.00 hours billed by attorney David Scheidemantle, for preparing for direct examination.

- 4.50 hours billed by attorney David Scheidemantle for preparing cross examination outlines, is reduced to 3.00.

- 1.70 hours billed by attorney David Scheidemantle, for evidentiary hearing.

- 1.70 hours billed by attorney David Scheidemantle, for driving from evidentiary hearing.

- 0.30 hours billed by attorney David Scheidemantle, for meeting with opposing counsel regarding stipulations.

- 2.00 hours billed by attorney David Scheidemantle, for driving to court and waiting for hearing to be held.

- 3.00 hours billed by attorney Navid Yadegar, for preparation of witnesses.

- 1.00 hours billed by attorney Navid Yadegar, for conferring with Kim and Scheidemantle.

- 3.80 hours billed by attorney Navid Yadegar, for attending the evidentiary hearing.

- 3.20 hours billed by attorney Navid Yadegar, for travel to and from District Court.

- 3.30 hours billed by attorney David Scheidemantle, for witness preparation, is reduced to 1.00 (in light of attorney Navid Yadegar's previous preparations).

- 1.30 hours billed by attorney David Scheidemantle, for driving to evidentiary hearing.

- 0.60 hours billed by attorney Constance Kim, for reviewing Purity call recordings.

- 1.30 hours billed by attorney Constance Kim, for drafting chart of witness expenses in preparation for hearing.

- 1.30 hours billed by attorney Constance Kim, for reviewing audio recordings.

- 0.90 hours billed by attorney Constance Kim, for revising witness expense spreadsheet.

- 1.00 hours billed by attorney Constance Kim, for drafting a chronology of initial sales calls for continued evidentiary hearing.

- 3.30 hours billed by attorney Constance Kim, for drafting additional cross-examination points, is reduced to 1.00.

- 0.90 hours billed by attorney Constance Kim, for drafting closing arguments.

- 0.30 hours billed by attorney David Scheidemantle, for reviewing witness expenses.

- 0.10 hours billed by attorney David Scheidemantle, for analysis regarding outlines in preparation for hearing.

- 2.00 hours billed by attorney David Scheidemantle, for preparation for hearing.

- 1.50 hours billed by attorney Constance Kim, for revising witness expense spreadsheet in preparation of the motion for supplemental fees and costs, is reduced to 1.00.

- 6.50 hours billed by attorney Constance Kim, for representing client at evidentiary hearing.

- 1.30 hours billed by attorney David Scheidemantle, for preparation for closing arguments.

- 4.70 hours billed by attorney David Scheidemantle, for representing client at evidentiary hearing.

- 1.50 hours billed by attorney David Scheidemantle, for traveling to federal court.

- 1.40 hours billed by attorney Constance Kim, for reimbursements to witnesses.

- 0.40 hours billed by legal assistant Katie Dodson, for organizing case documents.

- 0.20 hours billed by attorney David Scheidemantle for attention to invoices.

Thus, the Court finds that a reasonable amount of time expended by Plaintiff's counsel is as follows: 36.30 hours for Scheidemantle, 31.10 hours for Yadegar, 13.10 hours for Ha, 35.90 hours for Kim, and 1.80 hours for legal assistants.

The Court finds that the billing rates for Scheidemantle, Yadegar, Ha, Kim and the legal assistants are reasonable. Scheidemantle's rate is $500.00 per hour; Yadegar's rate is $310.00 per hour; Ha's rate is $310.00 per hour, Kim's rate is $225.00 per hour; and the legal assistants' rate is $75.00 per hour. Accordingly, multiplying the reasonable number of hours by these reasonable rates, the Court sets the loadstar figure as follows:

| | | |
|---|---|---|
| Scheidemantle: | 36.30 hours at $500/hour = | $18,150.00 |
| Yadegar: | 31.10 hours at $310/hour = | $9,641.00 |
| Ha: | 13.10 hours at $310/hour = | $4,061.00 |
| Kim: | 35.90 hours at $225/hour = | $8,077.50 |
| Legal Assistants | 1.80 hours at $75/hour = | $135.00 |
| | Total: | $40,064.50 |

Although this loadstar figure is presumptively reasonable, the Court downwardly adjusts this figure to reflect that this case, a suit for the violation of an injunction, presented neither novel nor difficult legal issues.  *See Gracie*, 217 F.3d at 1070; *Kerr*, 526 F.2d at 70.  In light of this second *Kerr* factor, the Court reduces the loadstar figure of $40,064.50 by 20%, for an award of reasonable attorneys' fees of $32,051.60.

The court additionally awards $7,575.00 in costs, for the travel expenses of the witnesses Caitlin Clenney, Bonnie Packer, Dora Martin, and Jill Anderson as well as the costs of messenger, Westlaw, and photocopying services.

## IV. DISPOSITION

For the reasons set forth above, the Court hereby GRANTS Plaintiff's Motion, in part, and awards $32,051.60 in reasonable attorneys' fees and $7,575.00 in costs.

The Clerk shall serve this minute order on all parties to the action.