CONNON WOOD SCHEIDEMANTLE LLP
DAVID R. SCHEIDEMANTLE, State Bar No. 150054
dscheidemantle@connonwood.com
NAVID YADEGAR, State Bar No. 205315
nyadegar@connonwood.com
KATHLEEN M. WOOD, State Bar No. 149916
kwood@connonwood.com
35 East Union Street, Suite C
Pasadena, California  91103
Telephone:   (626) 389-3845
Facsimile:    (626) 792-9304

Attorneys for HENRY SCHEIN, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| HENRY SCHEIN, INC., HSI SERVICE CORP.,<br><br>        Plaintiff,<br><br>    vs.<br><br>CERTIFIED BUSINESS SUPPLY, INC., d/b/a PURITY MEDICAL PRODUCTS, INC.,<br><br>        Defendant. | CASE NO. SACV03-1662 DOC (ANx)<br><br>**AMENDED AND RESTATED AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>The Honorable David O. Carter |

1  WHEREAS, on or about May 5, 2004, this Court issued the Agreed Final

2  Judgment and Permanent Injunction ("Injunction"), against Certified Business

3  Supply, Inc. ("Certified");

4  WHEREAS, on or about January 18, 2008, Henry Schein, Inc. ("HSI") filed a

5  Motion for Contempt ("Motion") against Certified for violating the Injunction;

6  WHEREAS, the Court granted the Motion and, on or about November 18,

7  2008, awarded to HSI $32,051.60 in reasonable attorneys' fees and $7,575.00 in

8  costs; and

9  WHEREAS, HSI and Certified have agreed to the terms of this Amended and

10  Restated Agreed Final Judgment and Permanent Injunction as follows:

11  1.  Judgment is entered in favor of HSI.

12  2.  Purity, its affiliates, subsidiaries, parents and their respective past,

13  present or future officers, directors, agents, employees, independent contractors,

14  representatives, servants, successors and assigns, and all person in active concert or

15  participation with them (collectively the "Purity Parties) will forever cease and

16  desist, and refrain in the future from, anywhere in the world:

17  A.  Directly or indirectly using, without authorization, HSI's marks,

18  trade names, or any marks confusingly similar thereto or

19  claiming to represent or otherwise be associated with HSI or

20  HSI's marks under any circumstances;

21  B.  Committing any acts that may cause purchasers to believe that

22  the Purity Parties are in any way affiliated or associated with HSI

23  or any of its affiliates, subsidiaries, parents and their respective

24  past, present, or future officers, directors, agents, representatives,

25  servants and employees;

26  C.  Directly or indirectly forming or causing to be formed any

27  corporation, partnership, or other business entity that engages in

28  any of the conduct proscribed by the paragraphs above; and

1

D.     Attempting, causing or assisting any of the above-described acts.

2.     Certified shall pay to HSI the total sum of $39,626.60, plus interest at the rate of 10% per annum starting from November 19, 2008.  Certified may satisfy its payment obligations under this paragraph by making payments equaling $41,128.46, payable as follows:

A.     Within five (5) days after execution of this Judgment by the Parties, Certified shall pay to HSI the sum of ten thousand dollars ($10,000.00), by a certified bank check, a cashier's check, or money order (collectively "Certified Funds");

B.     Thereafter, Certified shall pay to HSI the remaining $29,626.60, plus 10% per annum interest beginning on February 1, 2009 as follows:

a.     eleven (11) monthly payments of two thousand eight hundred twenty nine dollars and eighty six cents ($2,829.86), commencing on February 1, 2009, and continuing on the first of each of the following months, until paid in full.

b.     Certified shall make each of these payments by Certified Funds only;

C.     In the event that a payment is not timely received by HSI, the entire unpaid amount, plus all accrued interest, shall become immediately due and owing.  A declaration of HSI's counsel testifying to the fact of Certified's default, and setting forth the outstanding balance as of the date of default shall be sufficient evidence as to the fact of the default and amount of the unpaid balance.

1            D.     In the event that a payment is not timely received by HSI, HSI

2               shall be entitled to recover from Certified all reasonable

3               attorneys' fees incurred by HSI in collecting on this Judgment.

4        5.     This is a final and binding judgment as to the claims and defenses by

5    HSI as against Purity presented in this Action, which could have been in this Action,

6    or that arise from, are connected with, or pertain to any claim that may have been

7    asserted in this Action as of the date hereof.

8        6.     This Amended and Restated Agreed Final Judgment and Permanent

9    Injunction shall be binding and enforceable against HSI and Purity Parties.

10       7.     This Court will retain jurisdiction over this Action and the parties,

11   including without limitation for motions seeking contempt for breach of this

12   Amended and Restated Agreed Final Judgment and Permanent Injunction; to

13   enforce any provision of this Amended and Restated Agreed Final Judgment and

14   Permanent Injunction; to resolve any dispute arising out of this Amended and

15   Restated Agreed Final Judgment and Permanent Injunction, including without

16   limitation the power to construe, interpret and enforce any of its provisions.

17       SO ORDERED, this 10th day of February, 2009.

18   *David O. Carter*

19   The Honorable David O. Carter

20

21   AGREED:

22

23   Dated: _____     HENRY SCHEIN, INC.

24

25                        By:_____

26                        Name:_____

27                        Title:_____

28

Dated: _____          CERTIFIED BUSINESS SUPPLY, INC.

By:_____

Name:_____

Title:_____